95193-1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

CYNTHIA LAREMORE,

    Plaintiff,

vs.

TARGET CORPORATION, a foreign profit corporation; and HOLIDAY CVS, L.L.C., a Florida limited liability company d/b/a CVS/PHARMACY #3261,

    Defendants.
_____/

**DEFENDANT'S, HOLIDAY CVS, L.L.C., NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Holiday CVS, L.L.C. (hereinafter, "CVS"), hereby removes the above-styled action from the Seventeenth Judicial Circuit for Broward County, to the United District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, the Defendant states as follows:

    1.    CVS is a Defendant in a civil action brought against it in the Seventeenth Judicial Circuit for Broward County, Florida, styled Cynthia Laremore vs. Target Corporation, a foreign profit corporation; and Holiday CVS, L.L.C., a Florida Limited Liability Company d/b/a CVS Pharmacy #3261, Case No. CACE20-011021. A true and correct copy of all process and pleadings served upon CVS are attached hereto as Composite Exhibit "1" in compliance with 28 U.S.C. § 1447(b).

    2.    This action involves the Plaintiff's alleged personal injuries sustained as a result of an alleged incident at the CVS store located at 2701 Stirling Road, Fort Lauderdale, Florida on

February 6, 2019, and an incident which is alleged to have occurred at Target located at 5800 South University Drive in Davie Florida. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Ex.1.

3.     On or about July 17, 2020, the Plaintiff served Holiday CVS, L.L.C. *See* Affidavit of Service of Process, dated July 17, 2020, attached hereto as part of Composite Ex. "1."

4.     Defendant, CVS, filed this Notice of Removal within thirty (30) days after being served with Plaintiff's Complaint on July 17, 2020. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

5.     On August 6, 2020, Defendant, CVS, filed a Motion for Extension of Time to respond to the Complaint. *See* the Composite Ex. "1."

6.     On August 6, 2020, Defendant, Target, Answered the Complaint. *See* Answer and Affirmative Defenses, attached hereto as part of Composite Exhibit "1."

7.     The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, the Plaintiff issued a presuit demand of $500,000, which far exceeds the jurisdictional requirement and demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of the District Court. *See* Plaintiff's Demand Letter, dated August 14, 2019, attached hereto as Exhibit "2." Therefore, Defendant has met its burden in establishing the amount in controversy requirement. S*ee Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) (holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit demand letter alleging damages of $100,000,

was sufficient to establish an amount in controversy exceeding $75,000); *see also Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, *2 (Fla. S.D. Jan. 11, 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000); *Davis v. Averitt Express, Inc.*, No. 06-C-5793, 2006 WL 3883322 (N.D.Ill. Dec. 28, 2006) (denying Plaintiff's motion for remand as untimely and noting that subject matter jurisdiction was met where the amount in controversy was based solely on the fact that the Plaintiff's medical bills exceeded $75,000.00) *Rogers v. Home Depot, U.S.A., Inc.*, No. 07-1489, 2007 WL 2915147 (W.D.La. Oct. 5, 2007) (holding the jurisdictional amount for diversity jurisdiction was met where the Plaintiff's medical bills exceeded $75,000.00); *Holley v. Madison Industries, Inc. of Ga.*, 2012 WL 3771909 (N.D.Ala. Aug. 27, 2012) (finding removal untimely where the notice of removal was filed more than 30 days after the Plaintiff filed discovery responses including a damages chart itemizing more than $72,000 in medical expenses and $26,000 in property loss: "These two figures combined are appreciably in excess of the jurisdictional minimum.").

8. The Plaintiff, Cynthia Laremore, is a citizen of the state of Florida. *See* Redacted Medical Record of Plaintiff, attached hereto as Exhibit "3." Consequently, the Plaintiff is presumed to be a citizen of the State of Florida. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

9. Additionally, Defendant, Holiday CVS, L.L.C., is a single member LLC, its sole managing member being CVS Pharmacy, Inc., which is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Woonsocket, Rhode Island. *See* Fla. Division of Corporations 2020 Annual Report, attached hereto as Exhibit "4." Therefore, Defendant, Holiday CVS, L.L.C. is a citizen of the state of Rhode Island. *See*

*Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004))); *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State where it has its principal place of business.").

10. Further, Target Corporation is a corporation incorporated under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota. *See* Target Corporation's 2020 Foreign Profit Corporation Amended Annual Report from Sunbiz attached as Exhibit "5." *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State where it has its principal place of business.").

11. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendants, who are citizens of Rhode Island and Minnesota. Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

12. Defense counsel for CVS has spoken to counsel for Target Corporation and they have agreed that this matter should be removed to Federal Court.

13. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. § 1446(d), CVS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Seventeenth Judicial Circuit for Broward County, Florida and will provide written notice of this Notice of Removal to all parties via e-service.  A copy of the Notice of Filing is attached hereto as Exhibit "6".

Dated:  8/15/2020

                          Respectfully submitted,

                            _/s/ Jacob J. Liro_____
                          Jacob J. Liro, Esquire (32720)
                          JLiro@wickersmith.com
                          WICKER SMITH O'HARA
                              McCOY & FORD, P.A.
                          2800 Ponce de Leon Boulevard
                          Suite 800
                          Coral Gables, FL  33134
                          Telephone:     (305) 448-3939
                          Facsimile:      (305) 441-1745
                          Attorneys for Holiday CVS, LLC

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on August 15, 2020, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                            _/s/ Jacob J. Liro_____
                          Jacob J. Liro, Esquire

- 6 -

**SERVICE LIST**

Paul M. Adams, Esquire
Schwed, Adams & McGinley, P.A.
7111 Fairway Dr., Suite 105
Palm Beach Gardens, FL  33418
Telephone:     (561) 694-6079
Facsimile:     (561) 694-6089
eservice@schwedlawfirm.com


Thomas W. Paradise, Esquire
Vernis & Bowling of Broward, P.A.
5821 Hollywood Blvd., First Floor
Hollywood, FL 33021
Telephone:     (954) 927-5330
Facsimile:     (954) 927-5320
tparadise@florida-law.com
agarwood@florida-law.com
mpariti@florida-law.com
sgalvan@florida-law.com