UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61650-CIV-RUIZ/STRAUSS

**CYNTHIA LAREMORE**,

    Plaintiff,

v.

**HOLIDAY CVS, LLC**, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before me upon Defendant Target Corporation's ("Defendant's") *ore tenus* motion to compel ("Motion to Compel") better responses to interrogatories and requests for production ("Discovery Requests"). United States District Judge Rodolfo A. Ruiz has referred the case to me for all discovery matters. (DE 18). Pursuant to the Motion to Compel, the parties submitted a joint discovery status report ("JSR") identifying the specific Discovery Requests at issue. (DE 40; DE 42).[1] Further, a discovery hearing ("Discovery Hearing") was held on March 12, 2021, at which time the Court heard oral argument from the parties. (DE 43).

This case arises from an alleged slip and fall incident at Defendant's store on January 21, 2019 in which Defendant alleges she slipped and fell on berries near the produce section, followed by a separate slip and fall incident at Co-Defendant Holiday CVS's store about two weeks later. (DE 1-2 at ¶¶7-9, 16-18). The issues raised in the JSR arise out of answers that Plaintiff gave during her deposition which Defendant asserts either conflict with her prior responses to

---

[1] Plaintiff acknowledged at the hearing held on March 12, 2021 that the "revised" JSR she filed did not materially differ from the earlier JSR that Defendant filed.

interrogatories and a request for production or suggest that those prior responses were incomplete. As to the motion to compel better answers to the interrogatories referenced in the JSR, the motion is **GRANTED** for the reasons described at the Discovery Hearing and as more fully detailed below.

Defendant's motion relative to its Request for Production No. 10 requires more discussion. Defendant's Request for Production No. 10 sought "Any and all photographs and videos taken by on or on behalf of the Plaintiffs and their respective agents, servants, employees and investigators regarding any facts and issue in this cause." Plaintiff's response asserted work product privilege and referred to a privilege log. (DE 40; DE 42). The parties agreed that the privilege log stated the following:

> Document: 1 photograph; date: 6/1/2015; Description: Photograph of Plaintiff's *shoes* taken by Plaintiff's representative. Privilege Asserted: Work-product; in anticipation of litigation.

(DE 40 at 4; DE 42 at 4) (emphasis added). In the JSR, Defendant asserts that Plaintiff testified, at her deposition, that following the incident at Target a co-worker took a photograph of her shoes depicting the berry juice that Plaintiff allegedly slipped on. Defendant argues that it is entitled to the photograph because it was not taken in anticipation of litigation and, even if it was, Target cannot obtain substantially equivalent evidence. *Id*. at 4-5.

"First enacted in 1970, Rule 26(b)(3)(A) incorporates the attorney work-product doctrine discussed in the Supreme Court's seminal decision in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013). Federal Rule of Civil Procedure 26(b)(3)(A) states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered

if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).  In addition, Local Rule 26.1(e)(2)(B)(ii)(a) provides that the following information shall be provided in the objection of a party asserting a privilege unless divulgence of such information would cause disclosure of allegedly privileged information:

> For documents . . .: (1) the type of document . . . ; (2) general subject matter of the document . . . ; (3) the date of the document . . . ; (4) such other information as is sufficient to identify the document . . . for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document . . ., and, where not apparent, the relationship of the author, addressee, and any other recipient to each other[.]

S.D. Fla. L.R. 26.1 (e)(2)(B)(ii)(a),

Plaintiff's privilege log fails to comply with the above requirements for the following reasons.  Plaintiff testified at her deposition that she returned to work following the incident at Target, and a co-worker of Plaintiff took a photograph of Plaintiff's shoes ("Shoes Photograph"). (DE 40 at 4-5; DE 42 at 4-5).  The parties agreed at the Discovery Hearing that the Shoes Photograph is addressed by the aforementioned entry in Plaintiff's privilege log.  The description of Plaintiff's co-worker as her "representative" does not comport with the definition of "representative" contemplated by the work product doctrine nor would the disclosure of the co-worker relationship divulge privileged information.  *See* Fed. R. Civ. P. 26(b)(3)(A) (defining representative to include "the other party's attorney, consultant, surety, indemnitor, insurer, or agent").  In addition, Plaintiff's privilege log identified the date pertaining to the photograph as June 15, 2015; however, the incident in question took place on January 19, 2019.  Thus, I find that the privilege log is insufficient to support Plaintiff's claim of work product privilege with respect

to the Shoes Photograph.  However, as of yet, I do not find that this failure automatically requires disclosure of the Shoes Photograph.  *See LeBlanc v. Coastal Mech. Servs., LLC*, No. 04-80611-CIV, 2005 WL 8156080, at *6–7 (S.D. Fla. Mar. 22, 2005) (finding privilege log insufficient but declining to order "draconian course" of wholesale disclosure).  Nor do I find that Defendants have sufficiently demonstrated a "**substantial**  need for the materials to prepare its case" or that it "cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A)(ii) (emphasis added).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion to Compel is **GRANTED** for the reasons stated at the Discovery Hearing and as further detailed below.

1. As to Interrogatory Request Nos. 11 and 12, Plaintiff shall clarify in Interrogatory Request No. 11 all of the injuries she is claiming and shall clarify in Interrogatory Request No. 12 the medical expenses that she is claiming apply to those injuries, even if merely confirming that all expenses have been provided in the previous response to Interrogatory Request No. 12;[2]

2. As to Interrogatory Request Nos. 15 and 16, Plaintiff shall amend and correct her responses to provide, to the best of her ability, the names, locations and dates of medical care providers pertaining to incidents that were disclosed in her deposition and for any other incidents that Plaintiff is able to recall;

3. As to Interrogatory Request Nos. 17 and 20, Plaintiff shall amend and correct her responses to provide the names and contact information, including telephone numbers, that are responsive to these interrogatories;

---

[2] Plaintiff clarified at the Discovery Hearing that the expenses are indivisible as pled in her Complaint.

4. As to Request for Production ("RFP") No. 10, Defendant's Motion to Compel is **GRANTED** to the extent that Plaintiff's privilege log is insufficient. Rather than disclose, however, Plaintiff may amend her privilege log within the same timeframe that revised responses to interrogatories are due to more accurately describe the photograph and to clarify, if necessary, the basis for asserting work product privilege. Defendant may, within seven (7) days following Plaintiff serving a revised privileged log as to RFP No. 10, file a motion challenging the asserted privilege and/or identifying why an exception exists warranting the disclosure of the photograph at issue.

5. As to Interrogatory Request Nos. 22, 24, and 25, Plaintiff shall make a good faith effort to amend and correct her responses to provide a more specific listing of injuries in prior incidents and/or accidents, court case numbers and dates and locations of court cases corresponding to those injuries, and medical provider information pertaining to those incidents and/or accidents.

In addition, it is further **ORDERED** that:

6. Defendant's *ore tenus* motion for sanctions is **DENIED**; Defendant acknowledged that Plaintiff was forthcoming in her deposition, which is itself an indication of no bad faith on the part of Plaintiff's counsel who is presumed to prepare a client for a deposition, and I do not find that Plaintiff's counsel acted in bad faith to withhold information from Defendant;

7. Plaintiff shall serve amended responses to the Discovery Requests **by March 17, 2021**;

8. The parties may confer for the purpose of Defendant identifying specific information of interest to Defendant to which Plaintiff should make a good faith effort to respond to the extent that Plaintiff can recall the information or otherwise reasonably determine it.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of March 2021.

*Jared Strauss*
**Jared M. Strauss**
**United States Magistrate Judge**

Copies furnished to all Counsel of Record