UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61650-CIV-RUIZ/STRAUSS

**CYNTHIA LAREMORE**,

    Plaintiff,

v.

**HOLIDAY CVS, LLC**, *et al.*,

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** came before me upon Defendant Target Corporation's ("Defendant's") *ore tenus* motion for a protective order ("Motion for Protective Order") as to the deposition of its Lead Paralegal, Ms. Cynthia Williams. (DE 58). United States District Judge Rodolfo A. Ruiz has referred the case to me for all discovery matters. (DE 18). Pursuant to the Motion for Protective Order, the parties submitted a joint discovery status report ("JSR") identifying the parties' positions regarding the deposition at issue. (DE 58). Further, a discovery hearing ("Discovery Hearing") was held on May 28, 2021, at which time the Court heard oral argument from the parties. (DE 59).

This case arises from an alleged slip and fall incident at Defendant's store on January 21, 2019 in which Defendant alleges she slipped and fell on berries near the produce section, followed by a separate slip and fall incident at Co-Defendant Holiday CVS's store about two weeks later. (DE 1-2 at ¶¶7-9, 16-18). The parties have been engaging in discovery, which is scheduled to end on June 7, 2021.

The instant dispute arises because Plaintiff noticed Ms. Williams for a deposition on May 5, 2021. Defendant objected on the basis that the Lead Paralegal's status as a corporate

representative of Defendant overseeing litigation matters across the country makes her vulnerable to numerous, repetitive and harassing depositions such that Plaintiff must exhaust less invasive methods of discovery to obtain the sought-after information prior to taking her deposition. (DE 58).  Defendant asserts that taking the deposition of its Lead Paralegal counts as an "apex deposition."[1]  *Id.*  Defendant also avers that Ms. Williams has no personal knowledge of issues in this case, is not listed as a witness and merely "signed off" on Defendant's Interrogatories in her capacity as Defendant's representative based upon information that was assembled by Defendant's authorized employees with the assistance of defense counsel.  *Id.*  Further, Defendant argues that the only information that Ms. Williams has is based upon Defendant's claim file, which was prepared in anticipation of litigation, and from information obtained through defense counsel after the lawsuit was filed.  *Id.*  Thus, Defendant asserts that much of what Plaintiff would inquire about in a deposition with Ms. Williams would be protected by the work-product and attorney-client privileges.

Plaintiff's position, reiterated during the Discovery Hearing, is that Ms. Williams, as Defendant's Lead Paralegal, signed the answers to interrogatories submitted by Defendant.  *Id.*  Plaintiff's counsel stated during the Discovery Hearing that he has taken two depositions of Defendant's disclosed witnesses with one additional deposition scheduled for June 2, 2021;

---

[1] "The deposition of . . . a high-ranking corporate officer is commonly referred to as an apex deposition. Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-CV-81782, 2017 WL 679980, at *2 (S.D. Fla. Feb. 16, 2017) (internal quotation marks and citations omitted).  The party seeking such a deposition has the burden to show that it is necessary and must establish that the executive "has unique, non-repetitive, firsthand knowledge of the facts at issue; and . . . that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Id.* (internal quotation marks and citations omitted).

however, Plaintiff has thus far been unable to garner facts that support (at least some of) Defendant's affirmative defenses and denials. Plaintiff stated that Ms. Williams could potentially testify as to additional sources of information for Plaintiff to explore regarding Defendant's affirmative defenses and denials.

The scope of discovery under the Federal Rules of Civil Procedure is provided by Rule 26(b)(1), which states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> Rule 26(b) also allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition*, LLC, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

*Reilly v. Chipotle Mexican Grill, Inc.*, No. 15-CV-23425, 2016 WL 10644064, at *1 (S.D. Fla. Sept. 26, 2016). "While the scope of discovery is broad, it is not without limits." *Id.* (citing *Washington v. Brown & Williamson Tobacco*, 959 F.2d 1566, 1570 (11th Cir. 1992). The objecting party bears the burden of demonstrating "with specificity how the objected-to request is unreasonable or otherwise unduly burdensome." *Id.* (citing *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000).

Here, regardless of whether the deposition of Defendant's Lead Paralegal qualifies as an "apex deposition," I find that Plaintiff's taking of Ms. William's deposition is disproportional to

the needs of this case. Plaintiff does not dispute that Ms. Williams lacks any personal knowledge of the events or circumstances at issue in this case. Rather, Plaintiff appears to seek information which has either already been disclosed, does not exist or is precluded from use by Defendant for failure to disclose. During the Discovery Hearing, for example, when asked what information Plaintiff hoped to obtain through Ms. Williams's deposition, Plaintiff suggested that Ms. Williams might acknowledge that inspection reports informed completion of the interrogatories. When asked, however, whether such inspection reports exist, Defendant affirmed that they did not. Plaintiff further suggested that Ms. Williams could describe the sources of information from which Defendant's interrogatory responses were gathered and on which Defendant's affirmative defenses are based. However, given that Ms. Williams has no first-hand knowledge herself, any sources she could identify would either amount to previously-disclosed witnesses or (hypothetically) sources on which Defendant can no longer rely (because they have not been disclosed).[2] Therefore, even if Ms. Williams' testimony is marginally relevant (which is questionable), given her position as Lead Paralegal at Defendant's headquarters overseeing litigation across the country and given that she has no personal knowledge of any facts pertaining to the instant case, I conclude that a deposition of Ms. Williams is disproportional to the needs of this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion for Protective Order is **GRANTED** for the reasons stated at the Discovery Hearing and summarized herein.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of May 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[2] To be clear, Defendant represented at the hearing that it has disclosed all witnesses who were sources of information for the interrogatory responses.