UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-61650-RAR

CYNTHIA LAREMORE,

    Plaintiff,

v.

HOLIDAY CVS, LLC, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANT TARGET CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant Target Corporation's Motion for Partial Summary Judgment [ECF No. 63] ("Motion"), filed on June 21, 2021. Target believes it is entitled to summary judgment on the issue of whether it had actual knowledge of a dangerous condition on its premises before Plaintiff's alleged slip and fall. Having considered the parties' written submissions, the record, and applicable law, it is

**ORDERED AND ADJUDGED** that Defendant Target Corporation's Motion for Partial Summary Judgment [ECF No. 63] is **DENIED** as set forth herein.

## BACKGROUND

On January 21, 2019, Plaintiff went shopping at Defendant's location in Davie, Florida. Pl.'s Statement of Material Facts in Opp'n to Def. Target Corp.'s Mot. for Partial Summ. J. [ECF No. 65] ¶ 1. While shopping in the store's produce department, Plaintiff slipped on some berries on the floor. *Id*. ¶¶ 2-3. After slipping, Plaintiff saw "a bunch of smashed berries in the area," with some bearing "footprints and skidmarks like they had been walked over." *Id*. ¶ 4. There were also trails of smeared berries with signs of having been tracked by shopping carts. *Id*. ¶ 5. Plaintiff

cried out for help, and a deli clerk approximately five feet away ran over and asked Plaintiff if she was okay. *Id*. ¶¶ 7-8.

According to her testimony, Plaintiff does not know how the berries got on the floor, how long the berries were on the floor before her fall, or if any Target employee knew that there were berries on the floor before the incident occurred. Mot., Ex. A [ECF No. 63-1] ("Laremore Dep.") at 126:3-12. Gabriela Guzman, who was working at Target as a cake decorator in the nearby bakery department at the time of the incident, testified that no one brought to her attention that there were berries on the floor. Mot., Ex. B [ECF No. 63-2] ("Guzman Dep.") at 60:7-17. Based on this evidence, Target argues that it is entitled to partial summary judgment on the issue of whether it had actual knowledge of the berries on the floor.

## LEGAL STANDARD

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252.

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)). Further, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." *Id.* (alteration added and citation omitted).

Under Florida law, a plaintiff in a slip-and-fall case must show that the business had actual or constructive knowledge of a dangerous condition created by a transitory foreign substance that caused the plaintiff to slip and fall. FLA. STAT. § 768.0755(1); *see also generally Publix Supermarkets, Inc. v. Bellaiche*, 245 So. 3d 873, 876 (Fla. 3d DCA 2018). "The term 'transitory foreign substance' generally refers to 'any liquid or solid substance, item, or object located where it does not belong.'" *Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 518 (11th Cir. 2019) (quoting *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001)).

## **ANALYSIS**

Contrary to Plaintiff's arguments, this issue is appropriate for consideration on a motion for partial summary judgment. Rule 56(a) of the Federal Rules of Civil Procedure permits motions for "partial summary judgment" and provides that "[a] party may move for summary judgment, identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." FED. R. CIV. P. 56(a) (emphasis added). Plaintiff insists that summary judgment is inappropriate where the requested ruling would not be conclusive as to any element of a claim. Pl.'s Mem. of Law in Opp'n to Def. Target Corp.'s Mot. for Final Summ. J. [ECF No. 64] at 4, 9. To be sure, "[w]hen a party moves for summary judgment on a part of a claim, the party is seeking a decision on a particular element." *Glob. Digital Sols., Inc. v. Grupo Rontan*

*Electro Metalurgica, S.A.*, No. 18-80106, 2019 WL 8275153, at *2 (S.D. Fla. Nov. 27, 2019). But even assuming the rule is as stark as Plaintiff suggests, this would not prevent the Court from considering whether to grant partial summary judgment on one of two alternative theories as to a particular element. *See, e.g.*, *Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134, 2016 WL 1170105, at *2, *6 (D. Colo. Mar. 24, 2016) (granting defendant's motion for partial summary judgment regarding one of plaintiff's two alternative theories of damages); *Roling v. E*Trade Secs. LLC*, 860 F. Supp. 2d 1035, 1047-48 (N.D. Cal. 2012) ("E*Trade is entitled to partial summary judgment on (a) Plaintiffs' first theory for relief . . . and (b) Plaintiffs' third theory for relief[.]").

"Fla. Stat. § 768.0755 is phrased in the alternative, requiring *either* actual or constructive knowledge." *Barillas v. Wal-Mart Stores*, No. 14-62821, 2015 WL 11143345, at *2 (S.D. Fla. Dec. 1, 2015) (emphasis in original). For all intents and purposes, these are separate elements, both available to a slip-and-fall plaintiff and not mutually exclusive. Thus, the fact that Plaintiff would still be able to proceed on a theory of constructive knowledge does not prevent the Court from considering whether a genuine dispute of material fact exists as to the theory of actual knowledge. *See Bosire v. Kroger Co.*, No. 14-02604, 2015 WL 12856120, at *3, *6 (N.D. Ga. Dec. 14, 2015) (granting summary judgment in a slip-and-fall case on the issue of actual knowledge but not on the issue of constructive knowledge).

Nevertheless, Target's motion is due to be denied for two reasons. First, in the Southern District of Florida—as in Walter Sobchak's league game[1] —there are rules. Target's Motion does not comport with Local Rule 56.1(a), which requires that a motion for summary judgment and the opposition thereto be accompanied "by a separate and contemporaneously filed and served

---

[1] THE BIG LEBOWSKI (Working Title Films 1998).

Statement of Material Facts . . . consist[ing] of separately numbered paragraphs." S.D. FLA. L.R. 56.1(a)(1), (b)(1)(B).  Target's Statement of Material Facts was embedded within its Motion and does not contain separately numbered paragraphs.  Mot. at 2-3.  While Target cites to certain depositions, some facts contain no citation whatsoever.

The Court places great emphasis upon its local rules, which "have the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)).  While it might seem needlessly nitpicky to require a separately-filed statement of facts with numbered paragraphs, Local Rule 56.1 serves the valuable purpose of crystallizing the relevant factual disputes for the Court by allowing the non-movant to contest the specific factual assertions in each paragraph of the movant's statement.  When parties comply with the rule, "it is relatively easy for a court to determine whether there is a genuine disputed issue of fact.  Basically, all a court needs to do is to look at the opposing statement of material facts on a paragraph-by-paragraph basis, see whether any paragraphs are designated as disputed and then make note of the evidentiary reasons for the dispute." *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947, 2017 WL 1250419, at *3 (S.D. Fla. Apr. 4, 2017); *see also Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012) ("As the official comments to Local Rule 56.1 explain, the rule's clear procedural directive is intended to reduce confusion and prevent the Court from having to scour the record and perform time-intensive fact searching.  The rule thus reflects a clear policy that it is not the court's obligation to scour the record for a factual dispute that precludes summary judgment.").

By failing to comply with Local Rule 56.1, Target prevented Plaintiff from responding to each specific factual assertion relevant to the Motion.  This Court joins the plethora of others in this District in holding that this is a sufficient reason to deny the Motion.  *See, e.g., NorthStar*

*Moving Holding Co., Inc.*, *v. Northstar Movers*, No. 19-62176, 2020 WL 3303977, at *1-2 (Apr. 23, 2020); *United States v. Marder*, 183 F. Supp. 3d 1231, 1236 (S.D. Fla. 2016); *Charles v. Convergent Outsourcing, Inc.*, No. 14-23532, 2014 WL 11878463, at *1 (S.D. Fla. Nov. 5, 2014).

Nevertheless, even considering the merits of Target's Motion, it is due to be denied. The only evidence Target submits is the deposition testimony of Plaintiff and Ms. Guzman, the cake decorator working in the nearby bakery department.[2] As explained above, Plaintiff stated that she did not know if any employee was aware of the berries on the floor before she fell, and Guzman stated that no one brought the presence of the berries on the floor to her attention before the fall. This is insufficient to conclude that there is no genuine dispute of fact as to whether Defendants had actual knowledge of the presence of the berries on the floor, particularly since Plaintiff testified—and Target did not rebut with record evidence—that there was an employee in the produce department approximately five feet away from her when the incident occurred. *Cf. Lago v. Costco Wholesale Corp.*, 233 So. 3d 1248, 1251 (Fla. 3d DCA 2017) (Luck, J.) (finding that there was no issue of fact regarding defendant's actual notice of a liquid on the floor where plaintiff "testified she did not see any Costco employee around the liquid or by the [area where she fell] before or when she fell."). Accordingly, a reasonable juror could conclude that Target was aware of the berries on the floor before the incident in question.

---

[2] Target also states that "neither Target's manager on duty, Abby Presley[,] nor Produce manager, Anthony Sheerahamed[,] who were working at the time of the incident, testified as to having any knowledge of the berries on the floor prior to the incident occurring." Mot. at 3. However, Target neither cites nor produces any evidence supporting this assertion, so the Court disregards it entirely. *See Levey v. Wells Fargo Bank, N.A.*, No. 14-22164, 2015 WL 12533125, at *1 (S.D. Fla. Feb. 17, 2015) ("To the extent any party fails to direct the Court to the record evidence in support of its asserted facts . . ., the Court will not consider those assertions in deciding the Motion [for Summary Judgment].") (citing FED. R. CIV. P. 56(E)(4); S.D. FLA. L.R. 56.1(b)).

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant Target Corporation's Motion for Partial Summary Judgment [ECF No. 63] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of July, 2021.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**